

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

Johnny Feliciano,

    Plaintiff,

v.

J P Mascaro & Sons

    Defendant.

Case No. __**18**____**1 5 2 1**__

JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES Plaintiff, Johnny Feliciano (hereinafter referred to as "Plaintiff") by and through her attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations of J P Mascaro & Sons (hereinafter referred to as "Defendant") of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*).

### JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC.

## PARTIES

6.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with a primary residence located at 58A Lenox Avenue, East Stroudsburg, PA 18301.

8.      Defendant is a business entity with a regular place of business located at 315 basin Street, Allentown, PA 18103.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.      Plaintiff was hired by Defendant as Triple-Axle Dump Truck Driver on or about April 20, 2015.

12.     In 2015, Plaintiff was diagnosed with a serious health condition, namely, congestive heart failure.

13.     As a result of his serious health condition, Plaintiff requested for FMLA leave. Plaintiff took an FMLA leave of absence for several months during the Summer of 2015.

14.     At the conclusion of Plaintiff's FMLA leave, and prior to returning to work, Plaintiff provided Defendant with **a note from his treating physician wherein it was stated that he was cleared to return to work.**

15.     Following his return to work (and as a result of the congestive heart failure and related symptoms) Plaintiff would, at times, experience swelling in his legs and feet. Plaintiff was therefore substantially limited with respect to several major life activities, including but not limited to his ability to walk.

16.     At all times relevant herein, Plaintiff was capable of performing all essential functions of his job with Defendant.

17.     In or around early 2017, Defendant implemented a new policy whereby all employees were required to put liners in the beds of their trucks. Due to aforementioned serious health conditions and related symptoms, Plaintiff was unable to put liners in the bed of his truck.

18.     Immediately upon learning of the policy reference in Paragraph 17, Plaintiff advised his supervisor, Dane Chapman ("Mr. Chapman") of his inability to put liners in his truck bed, and further, requested that he be excused from doing so (a reasonable accommodation).

19.     On or about January 19, 2017 - within a few days of requesting an accommodation - Plaintiff was summoned to a meeting with Manager Chris Caras ("Mr. Caras"), Supervisor Rebecca (last name unknown) and a Human Resources representative. At that time, Plaintiff was

advised that he was being terminated from employment. The stated reason for terminating Plaintiff's was employment was a purported inability to perform his job responsibilities.

20.     The only aspect of Plaintiff's job which he was unable to perform was placing a liner in the bed of his truck, and he requested a reasonable accommodation with respect to same.

21.     After being told of his termination, Plaintiff inquired as to whether Defendant would be willing to place him into a different position due to his serious health condition. Defendant advised that there was no alternative work available.

22.     Plaintiff believes, and therefore avers that he was terminated because of his disability and/or because he requested reasonable accommodations.

## Count I
## Violations of the ADA
### (Discrimination, Failure to Accommodate and Retaliation)

23.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

24.     At all times relevant herein, Plaintiff was a qualified individual with a disability as defined by the ADA.

25.     As described above, Plaintiff requested reasonable accommodations, which would not result in any undue hardship to Defendant.

26.     Defendant did not engage in any meaningful interactive process with respect to Plaintiff's request, but instead, within a close temporal proximity of said request, terminated Plaintiff's employment.

27.     These actions constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19103
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com